IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

JUSTIN HOBBIE,

               Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   3:19-CR-285 (TJM)

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a Guidelines sentence.

# I

## INTRODUCTION

On August 22, 2019, the defendant pled guilty pursuant to a written plea agreement to a three-count Information charging the defendant with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a), (e). The factual basis for the guilty plea, which is set forth in paragraph 5 of his plea agreement states:

a) The defendant's conduct described below occurred in Otsego County, New York, which is located in the Northern District of New York.

b) From in or about 2015 through in or about 2018, the defendant, using various electronic communications platforms including cellular telephones, an iPad, an iPad mini, and a desktop computer, communicated with numerous female children. During the course of these communications the defendant persuaded, induced, enticed, and coerced girls

between the ages of 14 and 17 to masturbate and show him their genitalia by transmitting live depictions of the sexually explicit activity to him.  These sexually explicit acts and images were recorded by the defendant so that he could watch and/or look at them again.

c) The defendant also persuaded, induced, enticed, and coerced, girls between the ages of 14 and 17 to produce and send him pictures of their genitalia.  In response to the defendant's instructions to do so, girls between the ages of 14 and 17 produced lewd and lascivious pictures of their genitalia for the defendant, and at his request sent them to the defendant's cellular telephones and iPads using the Kik and Snapchat applications and an internet connection.

d) At the time that the defendant engaged in the conduct described above, the defendant represented to his victims that he was a teenage boy.

e) Among the images and videos created as a result of the defendant's conduct, and possessed by the defendant on his Dell Aurora R4 (Alienware) desktop computer are the following:

1.  As to Victim 1:

    - A video file stored in a file folder named "snps1/(a derivation of the Victim #1's name)"2 titled "2015_12_24_22_57_27.mp4" that is approximately 13 seconds long and depicts Victim #1 masturbating using her fingers.  Victim #1's face and vagina are displayed in the video.

    - A video file stored in a file folder named "snps/(a derivation of the Victim #1's name)"3 titled "2018_01_21_00_08_23.mp4"  that is approximately 2 minutes

---

1 SNPS is shorthand for "Snaps," a term used to describe the manner in which people using Snapchat send messages, images and videos to one another.

2 Victim #1 has been identified by law enforcement.  Forensic analysis of this video confirms that Victim #1 was 15 years old at the time this video was recorded.

3 Victim #1 has been identified by law enforcement.  Forensic analysis of this video confirms

      44 seconds long and depicts Victim #1 masturbating using a sex toy.  Victim #1's face and vagina are displayed in the video.

    2.    As to Victim 2:

- A video file stored in a file folder named "snps/(a derivation of the Victim #2's name)"4 titled "2016_05_26_23_10_23.mp4" that is approximately 28 seconds long and depicts Victim #2 masturbating using a "sharpie" pen.  The video ends with a still image of the "sharpie" pen sticking out of Victim #2's vagina.

- A video file stored in a file folder named "snps/(a derivation of the Victim #2's name)"5 titled "2016_06_05_23_20_26.mp4" that is approximately 37 seconds long and depicts Victim #2 sucking on a purple plastic sex toy, which she then inserts into her vagina.

    3.    As to Victim 3:

- A video file stored in a file folder named "snps/(a derivation of the Victim #3's name)"6 titled "2015_0618_222200.mp4" that is approximately 38 seconds long and depicts Victim #3  masturbating using her fingers in her vagina.

- A video file stored in a file folder named "snps/(a derivation of the Victim #3's name)"7 titled "2016_0618_224207.mp4" that is approximately 33 seconds long and depicts Victim #3  masturbating using her fingers in her vagina.

---

that Victim #1 was 17 years old at the time this video was recorded.

4  Victim #2 has been identified by law enforcement.  Forensic analysis of this video confirms that Victim #2 was 14 years old at the time this video was recorded.

5  Victim #2 has been identified by law enforcement.  Forensic analysis of this video confirms that Victim #2 was 14 years old at the time this video was recorded.

6  Victim #3 has been identified by law enforcement.  Forensic analysis of this video confirms that Victim #3 was 14 years old at the time this video was recorded.

7  Victim #3 has been identified by law enforcement.  Forensic analysis of this video confirms that Victim #3 was 14 years old at the time this video was recorded.

    f) The defendant admits that he persuaded, induced, enticed, and coerced each of the female children to perform the sexually explicit conduct for the purpose of having them produce the videos and images for him of that conduct.

    g) The defendant acknowledges that each of the items listed in the forfeiture allegation of the information and in paragraph, 1(f) contained child pornography files, or were used or intended to be used to facilitate child exploitation crimes.

Hobbie is scheduled to be sentenced on February 26, 2020.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.   Statutory Maximum and Minimum Sentences**

The defendant's convictions on each of counts 1 – 3 of the Information subject him to a statutory minimum term of imprisonment of 15 years, and a statutory maximum term of 30 years imprisonment per count.   18 U.S.C. § 2251(e); PSR ¶ 133.   In addition, each count carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSR ¶ 139; and a fine of up to $250,000.   18 U.S.C. § 3571; PSR ¶ 144.[8]

**2.   Guidelines Provisions**

    **a.   Offense Level**

The Government adopts, without qualification, the Guidelines calculation set forth in the PSR, resulting ultimately in a Total Offense Level of 43.   PSR ¶¶ 39-89.

---

[8] The Government agrees with the assessment of the Probation Officer that it appears the defendant does not have the ability to pay a fine.   PSR ¶ 132.

      **b.**      **Acceptance of Responsibility**

The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "timely notified authorities of his intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."   PSR ¶ 85.

      **c.**      **Criminal History Category**

According to the presentence report, the defendant's criminal history category is I.   PSR ¶ 93.   The Government agrees with the Probation Office's determination of the defendant's criminal history category.

      **d.**      **Guidelines Range and Sentence**

As described above, the defendant's total offense level is 43 and his criminal history category is I.   As a result, the Sentencing Guidelines advise that the defendant receive a sentence of life imprisonment.   However, as the statutorily authorized maximum sentence for each count is 30 years (360 months), the guideline sentence is 90 years (1,080 months). U.S.S.G. § 5G1.2(d)(to the extent that the Guidelines range is above the statutory maximum for the counts of conviction, the sentences imposed shall run consecutively "to the extent necessary to produce a combined sentence equal to the total punishment.")   PSR ¶¶ 134 and 136.

The Guidelines and statutory term of supervised release is no less than 5 years, and up to life, and the Guidelines recommend lifetime supervision.   PSR ¶141; U.S.S.G. § 5D1.2.

**3.**      **Forfeiture**

As set forth in the Forfeiture Allegation of the Information and the Preliminary Order of Forfeiture For Specific Property signed by the Court on October 3, 2019, the defendant shall forfeit

to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. §2253.   PSR ¶152.

### 4. Restitution

The minors depicted in the images and videos involved in the defendant's crimes of conviction are victims of his offenses.   Pursuant to 18 U.S.C. §§ 3663A and 2259(b)(4), restitution shall be ordered.   The parties have agreed that Restitution in the amount of $9,999.99 shall be ordered to the victims who have previously filed claims for restitution in this matter.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION[9]

For all of the reasons set forth herein, the Government maintains that a Guidelines sentence is warranted, and not greater than necessary to comply with the purposes of sentencing.   18 U.S.C. § 3553(a).[10]   The record reveals no mitigating factor not adequately considered by the Sentencing Commission that would remove this case from the "mine-run" of similar cases in considering the Guidelines sentence, *see Rita v. United States*, 551 U.S. 338, 352 (2007), nor any factor that would suggest that anything but a Guidelines sentence is warranted for this defendant. If the Court were

---

[9]   The Government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.   *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

[10] Because of the statutory maximum sentences, in order to accomplish a Guidelines sentence the Court would need to impose one or more counts to run consecutively to one another to produce a combined sentence that equals the total punishment.   PSR ¶ 136, U.S.S.G. § 5G1.2(d).

to consider a Non-Guidelines sentence, the Government would ask that such a sentence take into account the harm suffered by each charged victim and run those sentences consecutively, and at a minimum, sentence the defendant to 45 years in custody which would represent the mandatory minimum for each charged victim run consecutively and a lifetime of supervised release.

One aggravating factor the Court should consider in its sentencing of the defendant is that he amassed a large collection of internet pornography using peer-to-peer file sharing software. PSR ¶¶ 6 and 11. Compounding the issue, the defendant not only collected copious amounts of child pornography but he also saved that child pornography in an elaborate file folder system that he categorized. PSR ¶ 11. Particularly disturbing is the fact that the defendant's collection included videos depicting the rape of toddlers, society's most vulnerable members. Id.

Perhaps the most compelling argument that the defendant merits a Guidelines sentence is the manner in which and length of time over which he exploited his victims. That exploitation revolved around the defendant actively targeting young girls who he met online and in his classrooms. The defendant, a trusted gym and health teacher to some of his victims, targeted vulnerable victims that he knew were experiencing personal difficulties in their lives. Most despicably, the defendant preyed on one victim whose parents he personally knew were getting divorced. Targeting this young woman the defendant simultaneously pretended to be an age appropriate boyfriend demanding that she exploit herself sexually while at the same time acting as if he was a caring teacher who had her best interests at heart. PSR Victim Impact Statements pages 41-44. In an effort to exploit his victims, the defendant developed multiple false age appropriate online personas and exploited his victims for years. PSR ¶¶ 13, 14, 17-31. The extent of this exploitation is dramatically set forth in the PSR, which demonstrates that over the

7

course of 3 years he persuaded, induced, enticed and coerced his victims into providing him with thousands of videos and hundreds of videos. PSR ¶¶ 21-23.   These numbers are so large that they average out to more than 2 videos/images a day every day for 3 years.   Id.   It is almost impossible to imagine an individual being able to amass such a large collection from his victims until you read the actual text exchanges between the defendant and his victims. PSR ¶¶ 27 and 28.   In those exchanges, you see the constant pressure he was placing on his young victims to exploit themselves for his sexual gratification and the insatiable appetite he had for their exploitation.   Id. at 14, 27, and 28.   Throughout these chats, the defendant constantly asks the victim to exploit herself despite her consistent and repeated refusals to do so.   PSR ¶¶ 27 and 28.   That insistence goes on for months at a time with the defendant remaining undeterred by repeated refusals to comply.   Id. The severe toll this lengthy manipulation and exploitation took upon the defendant's victims is set forth in detail in the victim impact statements set forth in the PSR. PSR pages 41-46.   The defendant for his own sexual gratification isolated his victims from their friends and family, robbed them of their youth, and made them feel ashamed and unable to trust others.   Id.

      The Government maintains that all of the facts set forth above, and in greater detail in the PSR, present this Court with ample reason to impose a Guidelines sentence "as opposed to some lower sentence," to "deter an offender like [Hobbie]," and that such a sentence is not only reasonable, but warranted, and clearly, applying the Guidelines with "great care," justified. *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).   It is also a sentence that at least begins to address the seriousness of Hobbie's offenses and the great harm they have inflicted upon the children Hobbie so selfishly, gratuitously, and intentionally, victimized.

Respectfully submitted this 12th day of February, 2020

                                GRANT JAQUITH
                                United States Attorney

By:    /*s/ Geoffrey J. L. Brown*
         Geoffrey J. L. Brown
         Assistant United States Attorney
         Bar Roll No. 513495